### 9450

### HAMILTON v. STUBBS CO.

(89 S. E. 553.)

1. LANDLORD AND TENANT—REMOVAL OF CROPS—EFFECT.—A tenant can harvest and prepare his crop for market, and as long as he retains it on the place or in his possession he can hold it until the rent is due, but if he removes it from the place, or parts with its possession, the landlord has the right to enforce his rent contract against it.

2. LANDLORD AND TENANT—LANDLORD'S LIEN.—A landlord has the right to be first paid by his tenant what his rent contract calls for, and has a lien on the tenant's crops to secure him.

3. LANDLORD AND TENANT — LANDLORD'S LIEN — CROPS — TRANSFER BY TENANT—DAMAGES.—In an action for claim and delivery by a purchaser at sale under a landlord's distress proceedings against the party to whom the tenant turned over his crop without plaintiff's consent, the jury may find the damages at the highest value of the crop at any time between the day of service and the day of trial, though they are not obliged to.

4. APPEAL AND ERROR — HARMLESS ERROR — INSTRUCTION. — Where the whole testimony was as to the price of cotton, the crop turned over by the tenant to defendant without plaintiff's consent, and no effort made by either side to show the grade or character of cotton, error in charging that the plaintiff if entitled at all, would be entitled to the highest market value of the cotton at any time between the day of service and the day of trial was harmless.

Before MAULDIN, J., Dillon, Fall term, 1915.   Affirmed.

Action by S. H. Hamilton against the Stubbs Company. From a judgment for plaintiff, defendant appeals.

*Messrs. Sellers & M,oore,* for appellant, cite: *As to right to distrain:* Civil Code, sec. 3514; 24 Cyc. 1283; 138 Ill. 483; 95 Md. 548; 27 N. J. L. 243; 72 Ga. 35; Civil Code, sec. 3515, 3516, 3517; 3 McC. 484; 2 Hill 484; 2 Spears 370; 20 S. C. 483.   *Lien:* Civil Code, secs. 4162, 4166.

*Messrs. Townsend, Rogers & McLaurin,* for respondents, cite: *As to date of maturity of rent:* 67 Iowa, 251; 13 Gray 219; 12 A. & E. Enc. of L. 759.   *Lien:* Civil Code, sec. 4164; 153 Fed. 304.   *Parties:* 9 Ky. 54; 9 Cyc. 561.   *Irregularity in sale:* 148 S. C. 474.   *Estoppel:* 12 A. & E. Enc. 759; 12 S. C. 351; 6 John. Ch. 166; 1 Vern. 136; 31 S. C. 153; 1 Bay 241; 81 S. C. 329; 95 S. C. 328; 10 R. C. L. 688. *Form of judgment:* 13 Cyc. 171; 18 S. C. 179; 6 Rich. 310.

July 7, 1916.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This was an action for claim and delivery by the plaintiff against the defendant.   The case was tried by Judge Mauldin and a jury at the fall term of the Court for Dillon county, 1915, and resulted in a verdict in favor of the plaintiff.   After entry of judgment defendant appeals, and by six exceptions alleges error.   The exceptions raise the following questions: (1) Under the terms of the rent contract was the rent in arrears on September 22, 1914?   (2) If it was not then in arrears, did plaintiff, as purchaser at the sale under the distress proceedings, commenced before the rent became in arrears, acquire any title or right to the property in question?   The contract for rent was due between

the 15th of September and the 15th day of October. The
undisputed evidence shows that the cotton was prepared for
market and disposed of by the tenant and removed from the
premises, under such circumstances, even if the rent was not
due, it would have become due.

A tenant can harvest and prepare his crop for market, and
as long as he retains it on the place or in his possession he
can hold it until the rent is due, but if he removes it from
the place he has rented or parts with its possession,
1   the landlord has the right to enforce his rent con-
tract. The tenant, Horn, delivered the cotton in dis-
pute from the place and turned it over to the defendant
without the consent of the plaintiff. The crop had been
seized by the plaintiff from his tenant, Horn, without objec-
tion on Horn's part. Even if the rent was not due, the only
one who could have objected would have been Horn.

Under the law the landlord has the right to be
2   first paid what his contract for rent calls for, and a
party dealing with the tenant knows this.

The evidence conclusively shows that no objection was
made to the seizure of the crop nor afterwards until this
suit was brought, and made then not by the tenant, Horn,
but the defendant, who had in his possession property cov-
ered by landlord's lien. The cotton had been taken from
the premises rented by the landlord, made on the land so
rented, the landlord's rent had not been paid, and the plain-
tiff was entitled to be paid his rent; and, when the crops
were removed out of his possession, he had a right to sue
for it and recover. The defendant acquired no higher right
than the tenant, Horn, had. Horn had surrendered the
property without objection to the plaintiff. Exceptions 1
and 2 are overruled. Exceptions 4, 5 and 6 are overruled,
as his Honor fully covered the law in the case and the ques-
tions of fact submitted were settled by the jury, and their
findings must be sustained.

The third exception is as follows:

"That his Honor, the presiding Judge, erred in charging the jury that the plaintiff, if entitled to recover at all, would be entitled to the highest market value of the cotton at any time between the day of service and the day of trial, the error being that he should have left it to the jury to say whether or not he would be entitled to the highest market value between those dates."

This charge is wrong, as the law is the jury may find the highest value, not that they shall find it.   It is for the jury to say.   However, in this case we cannot see how the defendant was prejudiced, as the only testimony in the case was Mr. Cottingham's, a cotton buyer, who said the highest price paid on the local market for middling cotton was 11.95 to 12 cents, the better grade from 12.25 to 12.40.   That is the whole testimony as to the price of cotton, and no effort made by either side to show the grade or character of cotton.   This was the standard furnished the jury to assess the value in order to find an alternative verdict, and it is not made to appear that his Honor's charge in this respect was prejudicial to the defendant and the difference between the prices fixed on the property in controversy would be trifling, and if the property is delivered, the value thereof will not have to be paid, and we do not think the judgment should be reversed on this technical error of his Honor in view of the whole case.

All exceptions are overruled.   Judgment affirmed.